T.C. Memo. 2000-202


UNITED STATES TAX COURT


ESTATE OF MORTON B. HARPER, DECEASED, MICHAEL A. HARPER,
EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19336-98.                    Filed June 30, 2000.


<u>Warren J. Kessler</u> and <u>Joan B. Kessler</u>, for petitioner.

<u>Donna F. Herbert</u> and <u>Steven M. Roth</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Chief Judge</u>:  The instant case is before us on

respondent's motion for partial summary judgment pursuant to Rule

121(a)[1].  The issue to be decided is whether, pursuant to section

_____

[1]    Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in

(continued...)

2704(b), restrictions on the right to liquidate certain limited partnership interests in Harper Financial Co., L.P., should be disregarded to the extent that such restrictions are more restrictive than the default provisions of California law.

Summary judgment may be granted if the pleadings and other materials demonstrate that no genuine issue exists as to any material fact and that a decision may be entered as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Partial summary judgment may be granted with regard to a single issue if the conditions for summary judgment are otherwise satisfied, notwithstanding that all of the issues in the case are not concluded. See Rule 121(b); U.S. Bancorp v. Commissioner, 111 T.C. 231, 236 (1998). The record shows and the parties do not dispute that there is no genuine issue as to any material fact with respect to the issue presented by respondent's motion for partial summary judgment. Accordingly, we may render judgment on the issue as a matter of law. See Rule 121(b).

For the purpose of ruling on the instant motion only, we adopt the following facts set forth in the parties' moving papers. On December 18, 1990, Morton Harper (decedent) created a revocable inter vivos trust (trust). The trust instrument named

---

[1](...continued)
issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

decedent as original trustee and designated his children Michael A. Harper (Mr. Harper) and Lynn H. Factor (Ms. Factor) as successor trustees. The assets held by the trust consisted of marketable securities and mutual funds, plus a note receivable for a $450,000 loan which the decedent had made to an unrelated individual (the portfolio). Decedent reserved a life estate in both the income and corpus of the trust and directed that upon his death the assets should be distributed 40 percent to Mr. Harper and 60 percent to Ms. Factor.

On January 1, 1994, decedent, Mr. Harper, and Ms. Factor entered into an agreement entitled, Agreement for Limited Partnership for Harper Financial Co., L.P. (partnership agreement) that created a California limited partnership. Under the terms of the partnership agreement, Mr. Harper and Ms. Factor became general partners with interests in the partnership of 0.4 percent and 0.6 percent respectively, and the trust became the sole limited partner with an interest of 99 percent in the partnership. The trust made an initial capital contribution of the portfolio to the partnership.

On July 1, 1994, the parties entered into an amendment to the partnership agreement that divided the trust's limited partnership interest into two classes of limited partnership interests, consisting of: (1) A Class A limited partnership interest of 39 percent which the trust retained, and (2) a Class

B limited partnership interest of 60 percent which the trust

assigned to Ms. Factor and Mr. Harper.

Section 20.1 of the partnership agreement provides that:

The Partnership shall be dissolved upon the earlier of:

(a) January 1, 2034.

(b) The retirement, withdrawal, death or insanity of any General Partner or any other event or condition, other than removal, which, pursuant to the Act and unless otherwise provided in this Agreement, results in a General Partner ceasing to be a General Partner, unless (i) at the time there is at least one remaining General Partner to continue the business of the Partnership and such remaining General Partner chooses to do so, or (ii) all the Partners, as provided in Paragraph 12.5(l), above, agree in writing within 60 days thereof to continue the business of the Partnership and, if necessary, to the admission of one or more additional General Partners.

(c) An election to dissolve the Partnership made in writing by the General Partners and the Limited Partners, all as provided in Paragraph 12.5(f), above.

(d) The failure to elect, as provided in Paragraph 12.5(m), above, a successor General Partner within 60 days from and after removal of the last General Partner.

Section 13.2 of the partnership agreement provides that:

No General Partner shall have the right to withdraw from the Partnership without the consent of the Limited Partners.

On his timely filed Federal Gift Tax return for 1994,

decedent reported a gift of a 0.4-percent general partnership

interest and a 24-percent Class B limited partnership interest in

Harper Financial Co., L.P., to Mr. Harper with values at the date

of the gifts of $6,400 and $230,400, respectively.  Decedent also

reported a gift of a 0.6-percent general partnership interest and a 36-percent Class B limited partnership interest in the partnership to Ms. Factor with values as of the date of the gifts of $9,600 and $345,600, respectively.

On February 1, 1995, decedent died.  On the Federal Estate Tax return filed for decedent's estate on November 2, 1995, decedent's estate reported a 39-percent Class A limited partnership interest in the partnership with a value at the date of death of $410,100.

We must decide whether, as respondent contends, the restrictions on the right to liquidate the partnership contained in the partnership agreement are applicable restrictions within the meaning of section 2704 and are accordingly to be disregarded when valuing the shares of the partnership.  Petitioner contends that the restrictions on the right to liquidate the partnership contained in the partnership agreement are not more restrictive than the default restrictions of California law which would apply in absence of a partnership agreement.  Accordingly, petitioner argues that such restrictions are not applicable restrictions within the meaning of section 2704.

Section 2704(b) provides:

SEC. 2704(b). Certain Restrictions on Liquidation Disregarded.--

(1) In general.--For purposes of this subtitle, if--

(A) there is a transfer of an interest in a corporation or partnership to (or for the benefit of) a member of the transferor's family, and

(B) the transferor and members of the transferor's family hold, immediately before the transfer, control of the entity,

any applicable restriction shall be disregarded in determining the value of the transferred interest.

(2) Applicable restriction.--For purposes of this subsection, the term "applicable restriction" means any restriction--

(A) which effectively limits the ability of the corporation or partnership to liquidate, and

(B) with respect to which either of the following applies:

(i) The restriction lapses, in whole or in part, after the transfer referred to in paragraph (1).

(ii) The transferor or any member of the transferor's family, either alone or collectively, has the right after such transfer to remove, in whole or in part, the restriction.

(3) Exceptions.--The term "applicable restriction" shall not include--

*     *     *     *     *     *     *

(B) any restriction imposed, or required to be imposed, by any Federal or State law.

Section 25.2704-2(b), Gift Tax Regs., further defines an

applicable restriction as follows:

(b) Applicable restriction defined. An applicable restriction is a limitation on the ability to liquidate the entity (in whole or in part) that is more restrictive than the limitations that would apply under the State law generally applicable to the entity in the absence of the restriction. * * *

In our recent opinion in <u>Kerr v. Commissioner</u>, 113 T.C. 449 (1999), we held that provisions in a partnership agreement substantially similar to those in issue in the instant case were not more restrictive than the requirements of the applicable limited partnership law of the State of Texas.  Respondent does not dispute that the provisions of the limited partnership agreement in the instant case are substantially similar to those at issue in <u>Kerr</u>.  Moreover, respondent does not dispute that there is no substantial difference between California and Texas law with respect to the liquidation of a limited partnership. Unable to distinguish the facts or the law at issue in <u>Kerr</u>, respondent urges this Court to reconsider our opinion in that case.  Because the facts of the instant case are indistinguishable from those in issue in <u>Kerr</u>, we need not reiterate our analysis undertaken in <u>Kerr</u>, which we adopt in this opinion.

Accordingly, we hold that the limitations on liquidation contained in the partnership agreement are not applicable restrictions within the meaning of section 2704(b) and, consequently, must be taken into account in valuing the limited partnership interests in issue in the instant case.  Therefore we shall deny respondent's motion for partial summary judgment.

To reflect the foregoing,

An appropriate order
will be issued.